1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE E. COLEMAN,

                    Petitioner,

        v.

KENNETH QUINN, *et al*,

                    Respondents.

Case No.  C06-5076RBL-KLS

REPORT AND
RECOMMENDATION

Noted for November 3, 2006

        Petitioner is a state prisoner currently incarcerated at the Monroe Correctional Complex Twin

Rivers Unit, located in Monroe, Washington.  This matter is before the Court on his petition for writ of

*habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254. (Dkt. #8)  Respondent has answered the

petition (Dkt. #16) and filed the relevant state court records (Dkt. #17).  Thus, this case is now ripe for

review and a decision by the Court.  After reviewing the petition, respondent's answer[1] and the remaining

record, the undersigned submits the following report and recommendation for the Honorable Ronald B.

Leighton's review.

                                DISCUSSION

I.        Untimeliness of Petitioner's Petition

        On February 8, 2006, petitioner filed an application to proceed *in forma pauperis* and his petition

for writ of *habeas corpus*. (Dkt. #1-#10).  The Antiterrorism and Effective Death Penalty Act of 1996

---

[1]Petitioner has not filed a reply to respondent's answer.

REPORT AND RECOMMENDATION
Page - 1

("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d).  Section 2244(d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2).  Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner was found guilty of the crimes of unlawful delivery of a controlled substance, unlawful possession of a controlled substance, and unlawful possession of a firearm in the second degree in May 2002. Respondent's Submission of Relevant State Court Records ("Record"), Exhibit 1.  He was sentenced to a total prison term of 119 months. Id.  Petitioner filed an appeal of his conviction, which, on December 16, 2003, the Washington State Court of Appeals, Division II, denied, thereby affirming the conviction. Id., Exhibit 2.  On January 21, 2004, petitioner filed a motion for extension of time to file a motion for discretionary review of the court of appeals' decision. Id., Exhibit 6.

That motion was denied by the Washington State Supreme Court Deputy Clerk on the same day it was filed, because petitioner had "failed to demonstrate that extraordinary circumstances exist that would justify the granting of his motion for extension of time." Id., Exhibit 7.  On February 19, 2004, petitioner

1    filed a motion to modify the deputy clerk's ruling, which the state supreme court denied on April 6, 2004.

2    Id., Exhibits 8-9.  On May 3, 2004, the Washington State Court of Appeals, Division II, issued a mandate,

3    stating its December 16, 2003 decision became the decision terminating its review of petitioner's case on

4    April 6, 2004. Id., Exhibit 10.

5          In determining when the AEDPA's one-year statute of limitations begins to run, "the period of

6    'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a

7    petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually

8    files such a petition." Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); United States Supreme Court

9    Rule 13 (petition for writ of certiorari to review judgment by state court of last resort is timely when filed

10   within ninety days after entry of judgment).  Here, the statute of limitations began to run for petitioner on

11   July 6, 2004, ninety days after the state court of appeals decision became final.

12         In this case, petitioner did not file his petition for writ of habeas corpus in this Court until February

13   8, 2006, more than 19 months after the period for direct review of his case ended.  In addition, nothing in

14   the record shows that petitioner sought to collaterally attack his conviction or sentence at the state court

15   level, through a personal restraint petition or otherwise.  As such, the AEDPA's one-year statute of

16   limitations lapsed more than nine months prior to petitioner's filing of his federal habeas coprus petition.

17   Accordingly, unless petitioner is able to show equitable tolling applies here, his petition must be dismissed

18   as untimely.

19         Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in

20   most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted).  Equitable tolling "is

21   appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a

22   petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v.

23   Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001).  "External forces," not petitioner's "lack of diligence" must

24   account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999);

25   Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003) (not unreasonable to expect prisoners to file their

26   petitions expeditiously if they wish to preserve option of federal habeas review).

27         As the Ninth Circuit has held:

28         It will normally be much more difficult for a prisoner to demonstrate causation where
         he encounters the "extraordinary circumstances" in the beginning or middle of the

limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances). Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714. Here, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.[2]

II.     Failure to Exhaust State Court Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner

---

[2]Indeed, in denying petitioner's motion for extension of time to file motion for discretionary review, the Washington State Supreme Court Deputy Clerk stated that far from demonstrating extraordinary circumstances existed to justify granting his motion, petitioner had "only demonstrated that it has not been convenient to file a timely request for review." Record, Exhibit 7.

1   "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present
2   the legal basis of the claim." Id.

3    The claim must be fairly presented in "each appropriate state court," that is, at each level of state
4   review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass
5   upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29
6   (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th
7   Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or
8   petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to
9   federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

10    The record before the Court shows petitioner has failed to properly present his claims for federal
11   *habeas corpus* relief to the state's highest court, i.e., the Washington State Supreme Court. That is, even
12   if petitioner could be said to have fairly and fully presented such claims to the Washington State Court of
13   Appeals (a finding which the undersigned does not make here), neither petitioner's motion for extension of
14   time to file a motion for discretionary review with the Washington State Supreme Court nor his motion to
15   modify the Washington State Supreme Court deputy clerk's ruling presented any claims of substance,
16   federal or otherwise, to that court.[3] As such, petitioner has not exhausted all of his available state court
17   remedies as he is required to do.

18   III. Procedural Bar

19    A *habeas corpus* claim is barred from federal review if the petitioner has failed to exhaust state
20   court remedies and the state's highest court would now find the claim to be procedurally barred. Coleman
21   v. Thompson, 501 U.S. 722, 735 n.1 (1991). To give litigants "a fair opportunity to comply with known
22   procedural rules, the controlling state procedural bar is the one in place at the time the claim should have
23   been raised." Calderon v. U.S. District Court for the Eastern District of California, 103 F.3d 72, 75 (9th
24   Cir. 1996). Thus, "[o]nly if the bar is 'firmly established and regularly followed' at that time will it serve as
25   an adequate ground to foreclose federal review." Id.

26    Since 1989, Washington has had a one-year period of limitation within which a conviction or

27

28    [3]Again, in denying petitioner's motion for extension of time to file motion for discretionary review, the Washington State
Supreme Court deputy clerk expressly noted that petitioner did "not even make passing reference to the nature of the issue or
issues of which review would be requested and why review of the same would be justified." Record, Exhibit 7.

sentence may be collaterally attacked:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

RCW 10.73.090(1).[4]  For purposes of this case, petitioner's judgment became final under Washington law on May 3, 2004, the date the court of appeals issued its mandate disposing of his direct appeal. See RCW 10.73.090(3).  Thus, only if petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," will he be entitled to federal *habeas corpus* review despite the state's procedural bar. See Boyd v. Thompson, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing Coleman, 501 U.S. at 750).

To satisfy the "cause" prong, petitioner must show that "some objective factor external to the defense" prevented him from complying with the state's procedural rule. McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Objective factors constituting "cause" include "interference by officials" making compliance with the procedural rule impracticable, as well as "a showing that the factual or legal basis" for the claims "was not reasonably available." Id. at 493-94 (internal quotes omitted).  Constitutionally ineffective assistance of counsel also constitutes cause, but any attorney error short of that will not excuse procedural default. Id. at 494.

---

[4]A first glance it appears petitioner would come within one of the six statutory exceptions to the above one-year time limit provided by Washington law. See RCW 10.73.100(4) (where petition or motion is based solely on ground that defendant pled not guilty and evidence introduced at trial was insufficient to support conviction). In 1989, however, the Washington State Legislature enacted the following prohibition against the filing of successive collateral attacks:

> If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. . . . If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition.

RCW 10.73.140. In Washington, the term "collateral attack" is "any form of postconviction relief other than a direct appeal." In re Becker, 143 Wn.2d 491, 496 (2001) ("collateral attack" includes personal restraint petitions and motions for new trial). Collateral attacks "cannot simply be a reiteration of issues finally resolved at trial and upon appellate review." Id. Rather, they "must raise new points of fact and law that were not or could not have been raised in the principal action." Id. Washington courts thus may not consider a personal restraint petition or other equivalent motion "if the movant has previously brought a collateral attack on the same or substantially similar grounds." Id. Here, because petitioner previously raised the same grounds of insufficiency of the evidence in the direct appeal of his conviction that he now raises in his federal *habeas corpus* petition, the statutory exception provided by RCW 10.73.100(4) would appear not to be available to him.

The mere fact that a petitioner is *pro se* or lacks knowledge of the law, furthermore, is insufficient to satisfy the cause prong.  That is, "[w]hen a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court." <u>Hughes v. Idaho State Board Of Corrections</u>, 800 F.2d 905, 909 (9th Cir. 1986) (finding petitioner's claims of illiteracy and lack of help in appealing post-conviction petition, though unfortunate, to be insufficient to meet cause standard); <u>Boyd</u>, 147 F.3d at 1126-27.

Once a petitioner establishes cause, he must show "'actual prejudice' resulting from the errors of which he complains." <u>Id.</u> (quoting <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982)).  Such prejudice exists if the alleged errors worked to the petitioner's "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Frady</u>, 456 U.S. at 170 (emphasis in original).  In the alternative, a *habeas corpus* petition may be granted without a showing of cause in those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." <u>McCleskey</u>, 499 U.S. at 494; <u>Murray</u>, 477 U.S. at 495-96 (in extraordinary case, where constitutional violation has probably resulted in conviction of one who is actually innocent, federal *habeas* court may grant petition even in absence of showing of cause).

Here, petitioner makes no showing that some objective factor external to his defense prevented him from complying with Washington's procedural bar rule.  Because petitioner "cannot establish any reason, external to him, to excuse his procedural default," this Court need not address the issue of actual prejudice. <u>Boyd</u>, 147 F.3d at 1127; <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991) (finding of lack of cause eliminates court's need to discuss whether petitioner was prejudiced).  Furthermore, because petitioner has not demonstrated the likelihood of his actual innocence, this is not the kind of extraordinary instance where the petition should be granted despite the absence of a showing of cause. <u>McCleskey</u>, 499 U.S. at 494; <u>Murray</u>, 477 U.S. at 495-96.

<u>CONCLUSION</u>

Because petitioner has failed to timely file his federal *habeas corpus* petition within the AEDPA's one year statute of limitations, and because he has failed to exhaust all of his available state court remedies and now would be procedurally barred if he returned to state court, the Court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. Civ. P.") 72(b),

the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **November 3, 2006**, as noted in the caption.

DATED this 11th day of October, 2006.

Karen L. Strombom
United States Magistrate Judge